IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL RUTH,                       )
                                   )
        Plaintiff,                 )
                                   )           CIVIL ACTION
v.                                 )
                                   )           No. 21-1112-JWL
                                   )
KILOLO KIJAKAZI,[1]                )
Acting Commissioner of Social Security, )
                                   )
        Defendant.                 )
_____)

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 23, Attach. 1) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED, approving a fee in the amount of $16,193.90 pursuant to the Social Security Act.

**I.     Background**

Plaintiff filed a Complaint in this court on April 27, 2021, seeking judicial review of a decision of the Commissioner of the Social Security Administration.   (Doc 1).

---

[1] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.   In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

After the Commissioner answered and filed the administrative record in this case, Plaintiff filed her Social Security Brief on October 7, 2021. (Doc. 14). The Commissioner filed a motion for extension of time to respond which the court granted, and on December 8, 2021, the Commissioner filed an unopposed motion to remand to the Social Security Commission for further proceedings, noting the agency had "further reviewed Plaintiff's case and determined that remand for further proceedings is warranted." (Doc. 18, p.1). On December 9, 2021, this court granted the Commissioner's unopposed motion and remanded in accordance with sentence 4 of U.S.C. § 405(g) for further proceedings. (Doc. 19). The court granted Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act on March 22, 2022. (Doc. 22). On remand, the Commissioner issued a fully favorable decision on March 24, 2023 and a Notice of Award on July 1, 2023. (Pl. Mot., Attachs. 3, 4). The total award of past due benefits was $64,775.90, of which Plaintiff was given $48,582.00 and the Social Security Administration withheld $16,193.90 from which to pay representative fees. Id., Attach. 4, p.3. Plaintiff now seeks award of attorney fees of $16,193.98 pursuant to § 206(b) of the Social Security Act. 42 U.S.C. § 406(b).

**II.     Legal Standard**

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is

reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is

reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is

to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.")). The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision was 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The court notes how courts in this district have performed the analysis in recent years.  Russell v. Astrue, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an award of fees which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested—$611); Kotchavar v. Comm'r of Soc. Sec. Admin., Civil Action No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); Tacey v. Berryhill, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams v. Berryhill, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (affirming fee request resulting in an effective rate of $286.99 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v. Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (affirming fee request resulting in an effective rate of $400.07 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Schoonover v. Colvin, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and reducing award to result in hourly rate of $400); Duff v. Colvin, Case No. 13-CV-02466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); Roland v. Colvin, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); Bryant v. Colvin, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014)

(approving fees at an effective hourly rate of $418.28); Smith v. Astrue, No. 04-2196-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district).   This court recently approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of almost $263; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); and at an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82; Gardipee v. Saul, Case No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021).   Finally, this court recently awarded a fee of $47,573.28 resulting in an hourly rate of $2,265.39 and an effective hourly rate in a noncontingent case of $809.07, noting that the contingent nature of the fee justifies a fee award which is higher than the normal hourly rate charged by practitioners and recognizing this court's strict adherence to the deferential standard applicable in Social Security cases as emphasized in Biestek v. Berryhill, 139 S. Ct. 1148, at 1154, 1157 (2019).   Rogers v. Kijazazi, Civ. A. No. 19-1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022).

**III.   Discussion**

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits, or $16,193.98.   He included a copy of the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25 percent of past due benefits.   (Pl. Mot., Attach. 5).   Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 22.10 hours expended.   Id., Attach. 6.   Counsel points

out that an award of 25 percent of past due benefits would result in an hourly rate of $732.76 and an effective hourly rate in a noncontingent case of $261.70.   Id., Attach. 1, p.11.   Counsel argues that the skill, competence, expertise, and experience of her and her firm produced an extraordinary result in this case and support awarding the full 25% of past due benefits.   Id., Attach. 1, p.10-12.

The Commissioner submitted a response to Plaintiff's Motion asserting that she "neither supports nor opposes counsel's request for attorney's fees in the amount of $16,193.98, under 42 U.S.C. § 406(b)."   (Doc. 25, p.1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings.   Plaintiff has met his burden to prove that award of the full 25 percent of past due benefits is reasonable in the circumstances present here.   The court notes that counsel achieved a good result for Plaintiff in this case especially considering the Commissioner chose to request remand without challenging Plaintiff's brief.   The court recognizes that the contingent nature of the fee justifies a fee award which is higher than the normal hourly rate charged by practitioners when the claimant prevails in order to to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded.   This is particularly true due to the deferential standard applicable in Social Security cases, Biestek, 139 S. Ct. 1148, at 1154, 1157, and this court's strict adherence to that standard.   The court finds that no downward adjustment is necessary in the fee award because of the result achieved and because of the court's strict adherence to the

deferential standard which has resulted in only about 20 percent of Social Security cases before the court in the last two years being remanded for further proceedings.

Both the Commissioner and Plaintiff's counsel acknowledge that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee in this case must be refunded to the Plaintiff.

The court finds that 25% of past due benefits is a reasonable fee in the circumstances of this case.   However, the agency withheld only $16,193.90 as 25% of past due benefits and that is the amount the court will award to counsel and counsel shall refund the EAJA fee of $4,000.00 to Plaintiff.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the Commissioner shall pay Plaintiff's counsel the sum of $16,193.90 from Plaintiff's past due benefits.

Dated August 21, 2023, at Kansas City, Kansas.


                                           s/ John W. Lungstrum
                                          **John W. Lungstrum**
                                          **United States District Judge**